UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LILLIAN SHEMMS | : |
|     Plaintiff | : |
| v. | : |
| SOUTHERN NEW ENGLAND CARPENTERS ANNUITY FUND & CONNECTICUT CARPENTERS ANNUITY FUND | : |
|     Defendant | :     JANUARY 15, 2021 |

## COMPLAINT

**COUNT ONE**: (By the Plaintiff as against the Defendant, Southern New England Carpenters Annuity Fund pursuant to ERISA/ Breach of Fiduciary Duty)

**Parties**:

1. The Plaintiff, Lillian Shemms is an individual who resides in Torrington, Connecticut. The Plaintiff was previously married to Timothy Arnold and at all times relevant to this complaint, she was known as Lillian Arnold.

2. The Defendant, Southern New England Carpenters Annuity Fund, has a business address located at 10 Broadway, Hamden, Connecticut.

3. At all time material hereto, pursuant to the Employee Retirement Income Security Act, (ERISA) Timothy Arnold was a participant in the Southern New England Carpenters Annuity Fund (hereinafter, "Plan").

1

**JURISDICTION AND VENUE**:

4. This Court has jurisdiction in this matter pursuant to 29 U.S.C. 1003(a)(1).

5. At all times material hereto, Plaintiff is a beneficiary of the Plan pursuant to 29 U.S.C. 1002(8).

6. This Court has jurisdiction over the Defendant in that it conducting business in the State of Connecticut that is subject to the requirements of E.R.I.S.A.

7. The Plaintiff seeks relief pursuant to 29 USC. Section 1132 as she is a beneficiary within the meaning of the Plan and E.R.I.S.A.

**GENERAL ALLEGATIONS:**

8. On or about January of 2018, Timothy Arnold obtained an application from the Defendant to receive his annuity that was being administered by the Defendant in a lump sum payout.

9. The form obtained from the Defendant required a spousal consent form (hereinafter, "form') to be signed by Timothy Arnold's wife, the Plaintiff herein.

10. The form required a waiver of the Plaintiff's right to a joint and survivor annuity option.

11. The signature on the form prepared by the Defendant and submitted by Timothy Arnold was witnessed by a notary public; however, the notary did not attach a notarial certificate or jurat as required by statute.

2

12. The spousal consent form was not signed by the Plaintiff, nor was it notarized properly as required by statute.

13. The form itself did not provide a space to insert the name of the person whose signature was being notarized.

14. Hajaj Odimeh, the notary whose signature and seal appeared on the form only witnessed the signature of Timothy Arnold, not the Plaintiff.

15. At the same that this form was provided by the Defendant to Timothy Arnold, the Defendant had other retirement forms that required spousal consent forms to be executed that did require the name of the spouse to be printed on the form to properly identify the person signing the same.

16. The failure to have a line on the spousal consent form to insert the name of the plan participant spouse that was executing said document made the form susceptible to confusion, fraud and/or forgery.

17. The signature on the form of the line titled "signature of participant's spouse" on Timothy Arnold's application to obtain a lump sum payment of the annuity is not that of the Plaintiff's, instead, it is a forgery.

18. The Defendant, prior to paying out the lump sum to Timothy Arnold, had the obligation to inquire as to the identity of the "signature of participant's spouse" as it was impossible to determine whose signature was affixed;

and therefore, it should not have relied or acted upon the consent form submitted by Timothy Arnold.

19. The Defendant owed the Plaintiff fiduciary duties pursuant to 29 U.S.C. 1104.

20. At all times material hereto, the Defendant was required to comply with the requirements of 29 U.S.C. 1055 prior to converting the joint and survivor annuity into a lump sum payment.

21. On or about January 25, 2018, the Defendant distributed the lump sum annuity proceeds to Timothy Arnold.

22. At the time of distribution, the annuity was valued at approximately $294,258.67.

23. Since the Plaintiff did not execute a valid waiver of the joint and survivor annuity, the Defendant still owes her the same duty to provide benefits that it owed to her prior to the payout on January 25, 2018.

24. The Defendant, its agents, servants and/or employees breached its fiduciary obligations to the Plaintiff in one or more of the following ways:

a. It provided Timothy Arnold with a form that it knew or should have known was susceptible to forgery and/or improper notarization in that it did not contain a notarial certificate or a jurat to identify the name and relationship of the person signing the Form to the plan participant;

b. It accepted the subject spousal consent form although the notary did not attach a notarial certificate or jurat stating the name of the person that signed the spousal consent form;

c. It relied on the subject spousal consent form when it was apparent from its face that it was impossible to determine the identity of the person that signed the document;

d. It failed to investigate and/or inquire as to the identity of the person that signed the spousal consent form prior to distributing the funds;

e. It was indifferent to the rights of the Plaintiff in that it knew or should have known under the circumstances that the Plaintiff did not sign the spousal consent form;

f. It failed to properly investigate the Plaintiff's claim when it became aware that the form was a forgery.

**DEMAND**:

25. The Plaintiff demands monetary damages, attorneys' fees and in the alternative, a declaration and clarification of her rights under the Plan pursuant to 29 USC. Section 1132(a)

26. The Plaintiff demands such other equitable reliefs as the Court may determine.

COUNT TWO: (By the Plaintiff as against the Defendant, Connecticut Carpenters Annuity Fund)

**Parties**:

1. The Plaintiff, Lillian Shemms is an individual who resides in Torrington, Connecticut. The Plaintiff was previously married to Timothy Arnold and at all times relevant to this complaint, she was known as Lillian Arnold.

2. The Defendant, Southern New England Carpenters Annuity Fund, has a business address located at 10 Broadway, Hamden, Connecticut.

3. At all time material hereto, pursuant to the Employee Retirement Income Security Act, (ERISA) Timothy Arnold was a participant in the Connecticut Carpenters Annuity Fund (hereinafter, "Plan").

**JURISDICTION AND VENUE**:

4. This Court has jurisdiction in this matter pursuant to 29 U.S.C. 1003(a)(1).

5. At all times material hereto, Plaintiff is a beneficiary of the Plan pursuant to 29 U.S.C. 1002(8).

6. This Court has jurisdiction over the Defendant in that it conducting business in the State of Connecticut that is subject to the requirements of E.R.I.S.A.

7. The Plaintiff seeks relief pursuant to 29 USC. Section 1132 as she is a beneficiary within the meaning of the Plan and E.R.I.S.A.

**GENERAL ALLEGATIONS:**

8. On or about January of 2018, Timothy Arnold obtained an application from the Defendant to receive his annuity that was being administered by the Defendant in a lump sum payout.

9. The form obtained from the Defendant required a spousal consent form (hereinafter, "form') to be signed by Timothy Arnold's wife, the Plaintiff herein.

10. The form required a waiver of the Plaintiff's right to a joint and survivor annuity option.

11. The signature on the form prepared by the Defendant and submitted by Timothy Arnold was witnessed by a notary public; however, the notary did not attach a notarial certificate or jurat as required by statute.

12. The spousal consent form was not signed by the Plaintiff, nor was it notarized properly as required by statute.

13. The form itself did not provide a space to insert the name of the person whose signature was being notarized.

14. Hajaj Odimeh, the notary whose signature and seal appeared on the form only witnessed the signature of Timothy Arnold, not the Plaintiff.
15. At the same that this form was provided by the Defendant to Timothy Arnold, the Defendant had other retirement forms that required spousal consent forms to be executed that did require the name of the spouse to be printed on the form to properly identify the person signing the same.
16. The failure to have a line on the spousal consent form to insert the name of the plan participant spouse that was executing said document made the form susceptible to confusion, fraud and/or forgery.
17. The signature on the form of the line titled "signature of participant's spouse" on Timothy Arnold's application to obtain a lump sum payment of the annuity is not that of the Plaintiff's, instead, it is a forgery.
18. The Defendant, prior to paying out the lump sum to Timothy Arnold, had the obligation to inquire as to the identity of the "signature of participant's spouse" as it was impossible to determine whose signature was affixed; and therefore, it should not have relied or acted upon the consent form submitted by Timothy Arnold.
19. The Defendant owed the Plaintiff fiduciary duties pursuant to 29 U.S.C. 1104.

20. At all times material hereto, the Defendant was required to comply with the requirements of 29 U.S.C. 1055 prior to converting the joint and survivor annuity into a lump sum payment.
21. On or about January 25, 2018, the Defendant distributed the lump sum annuity proceeds to Timothy Arnold.
22. At the time of distribution, the annuity was valued at approximately $294,258.67.
23. Since the Plaintiff did not execute a valid waiver of the joint and survivor annuity, the Defendant still owes her the same duty to provide benefits that it owed to her prior to the payout on January 25, 2018.
24. The Defendant, its agents, servants and/or employees breached its fiduciary obligations to the Plaintiff in one or more of the following ways:
    a. It provided Timothy Arnold with a form that it knew or should have known was susceptible to forgery and/or improper notarization in that it did not contain a notarial certificate or a jurat to identify the name and relationship of the person signing the Form to the plan participant;
    b. It accepted the subject spousal consent form although the notary did not attach a notarial certificate or jurat stating the name of the person that signed the spousal consent form;

    c. It relied on the subject spousal consent form when it was apparent from its face that it was impossible to determine the identity of the person that signed the document;

    d. It failed to investigate and/or inquire as to the identity of the person that signed the spousal consent form prior to distributing the funds;

    e. It was indifferent to the rights of the Plaintiff in that it knew or should have known under the circumstances that the Plaintiff did not sign the spousal consent form;

    f. It failed to properly investigate the Plaintiff's claim when it became aware that the form was a forgery.

**DEMAND**:

25. The Plaintiff demands monetary damages, attorneys' fees and in the alternative, a declaration and clarification of her rights under the Plan pursuant to 29 USC. Section 1132(a)

26. The Plaintiff demands such other equitable reliefs as the Court may determine.

Date: January 15, 2020

THE PLAINTIFF,
LILLIAN SHEMMS

_____
Ryan M. Henry
Allingham, Readyoff & Henry, LLC
54 Bridge Street
New Milford, CT  06776
860-350-5454
RHenry@allinghamlaw.com
Federal Bar No. CT 27175